**AFFIRMED and Opinion Filed February 27, 2020**



In The

# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-18-01446-CR

**BRYAN LEE MORRIS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 219th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 219-83729-2016**

## MEMORANDUM OPINION

Before Justices Whitehill, Osborne, and Nowell
Opinion by Justice Whitehill

Appellant Bryan Lee Morris was sentenced to eight years in prison for sexual assault of a child. On appeal he raises a single issue complaining that the trial court erred by denying his motion to dismiss the indictment based on preindictment delay.

A pivotal legal question we address is whether the evidence supports the trial court's finding that the State did not intentionally cause the two year and eight month preindictment delay in this case as a tactical device to gain an advantage over appellant. There was evidence that the State's motive for the delay was concern that it did not yet have enough evidence to prove its case beyond a reasonable doubt. Because this evidence supports the trial court's finding, we affirm.

## I. PROCEDURAL BACKGROUND

Appellant moved to dismiss the indictment for sexual assault of a child, asserting that the State learned about the crime no later than April 10, 2014, and then delayed two years and eight months before indicting him. He urged that this delay violated his due process rights. The trial court denied appellant's motion after an evidentiary hearing.

Appellant pled guilty. The trial court accepted his plea, found him guilty, and followed appellant's plea bargain agreement by sentencing him to eight years in prison. The court also certified his right to appeal.

Appellant timely appealed.

## II. ANALYSIS

Appellant's sole appellate issue argues that the trial court erred by denying his motion to dismiss the indictment.

### A. Standard of Review

We review the trial court's order on a motion to dismiss an indictment under a bifurcated standard. *State v. Krizan-Wilson*, 354 S.W.3d 808, 815 (Tex. Crim. App. 2011). We must give almost total deference to the trial court's fact findings that are supported by the record and to its determinations of mixed questions of law and fact that depend on witness credibility. *Id*. But we review de novo any determinations of pure legal questions and of mixed questions that do not depend on witness credibility. *Id*.

### B. Applicable Law and the Trial Court's Findings

The statute of limitations is the primary guarantee protecting citizens from stale criminal charges. *Id*. at 813–14. However, due process also provides some protection against preindictment delay. *Id*. at 814. To obtain relief based on preindictment delay, the defendant must show two elements: (i) the preindictment delay substantially prejudiced the defendant's right to a fair trial

and (ii) the delay was an intentional device used by the State to gain a tactical advantage over the accused. *Id*.; *Ibarra v. State*, 11 S.W.3d 189, 193 (Tex. Crim. App. 1999).

"The burden is on the defendant to prove both elements of the test." *Estrada v. State*, No. 05-08-00559-CR, 2009 WL 144327, at *10 (Tex. App.—Dallas Jan. 22, 2009, pet. ref'd) (not designated for publication); *see also Krizan-Wilson*, 354 S.W.3d at 818–20 (despite substantial prejudice, twenty-three-year delay did not offend due process because there was no evidence the State delayed for an improper purpose).

In its order denying appellant's dismissal motion, the trial court found that (i) appellant did not prove that the delay substantially prejudiced his right to a fair trial and (ii) the detective investigating the case did not delay his investigation to gain a tactical advantage over appellant or otherwise act in bad faith.

## C.    Material Facts

We draw the facts from the clerk's record and the evidence adduced at the motion to dismiss hearing.

On March 30 or 31, 2014, appellant and the complainant, a fifteen- or sixteen-year-old girl, were both arrested on drug charges. According to appellant, after his arrest he was imprisoned in Texas for two years on a separate charge of sexual performance of a child, was released for two weeks, and then was re-arrested for transportation to Arizona, where he served fourteen months on apparently unrelated charges.

Detective Clinton Webb of the McKinney Police Department testified that the complainant told the police that she had had sex with appellant. On April 10, 2014, the complainant was taken to the Children's Advocacy Center for a forensic interview by Janeeth Ibarra. Webb witnessed the interview via closed-circuit television. The complainant told Ibarra that she had sex with appellant on two occasions. But at the end of the interview, Webb decided to wait before proceeding on a

–3–

sexual assault charge because the complainant did not give a specific definition of what she meant by "sex." According to Webb, he was not comfortable proceeding with the case because the complainant "was very shut off" during the interview "as far as providing information and things like that." Webb was aware that appellant was in custody and was going to be transported to Arizona based on a detainer.

On June 30, 2014, the complainant went to a clinic for a "SANE exam."[1] Records from that examination showed that the complainant did not want to talk about the offense. Webb testified that he would have had concerns about taking a case to trial at that time because the complainant did not want to talk about the offense.

A year later, Webb called the complainant's father to see if the complainant was willing to submit to another forensic interview. He left a voicemail and received no return call. He did not try to contact the complainant directly because of her age.

Then in February 2016, Webb contacted the complainant in person by visiting her school. He decided to contact her then because she had turned eighteen. He found that she was "more willing to talk," and he scheduled a second forensic interview that took place later that month. During that interview, the complainant said specifically that appellant's penis touched her vagina.

In December 2016, appellant was indicted for sexual assault of a child.

Appellant hired a private process server to serve a subpoena on Ibarra, the first forensic interviewer. The process server testified that he tried to serve Ibarra at the Collin County Children's Advocacy Center and was told that she was not working there. Additionally, Center personnel told the process server that they had never heard of Ibarra's name, either.

---

[1] This is a sexual assault nurse examination. *See Robles v. State*, No. 13-14-00609-CR, 2015 WL 5136445, at *2 (Tex. App.—Corpus Christi–Edinburg Aug. 31, 2015, pet. ref'd) (mem. op., not designated for publication).

**D.     Did the trial court err by rejecting appellant's claim of preindictment delay?**

No.  The record supports the conclusion that appellant did not prove either element of that claim, because Officer Webb testified to a plausible reason for the preindictment delay and appellant adduced no evidence of the required prejudice.

**1.     The trial court correctly concluded that appellant did not establish that the delay caused substantial prejudice to his right to a fair trial.**

Appellant argues that the delay prejudiced him in two ways: (i) he lost "back time credit towards his time in prison" and (ii) he was prevented from finding witness Ibarra.  We reject both arguments.

Regarding his first argument, appellant does not explain why he would have gotten more credit for time served had the State indicted him more quickly.  But, regardless, lost credit for time served is not the kind of harm that can satisfy the substantial prejudice element.  That element requires a showing of substantial prejudice "to [the defendant's] right to a fair trial."  *Krizan-Wilson*, 354 S.W.3d at 814.  The *Krizan-Wilson* court elaborated that the substantial prejudice element means "prejudice to one's ability to defend oneself." *Id.* at 817–18.  Harm to a defendant's credit for time served does not prejudice his right to a fair trial or his ability to defend himself.

*State v. Horner*, cited by appellant in this regard, is not on point.  936 S.W.2d 668, 672–73 (Tex. App.—Dallas 1996, pet. ref'd) (trial court erred in dismissing for preindictment delay; defendant adduced no evidence that 11-year delay between murder and indictment was intentional device by State to gain a tactical advantage).

As to appellant's second argument, we conclude that the trial court correctly determined that appellant failed to prove substantial prejudice based on inability to find the first forensic interviewer, Ibarra.  As we have said, "the defendant must show an actual loss of evidence that would have aided the defense and cannot be obtained from other sources." *Estrada*, 2009 WL 144327, at *10.  Here, although appellant adduced evidence that a process server could not find

Ibarra at her former place of employment, he adduced no evidence that Ibarra could not have been found through a reasonable investigation. And although appellant suggests that Ibarra's testimony would have helped him at trial because she would have said that the complainant was reluctant to provide details during her first forensic interview, appellant obtained that evidence from detective Webb, who testified to that fact at the dismissal hearing.

Accordingly, the trial court correctly denied appellant's motion because appellant adduced no evidence of substantial prejudice.

**2. The trial court permissibly concluded that the State did not cause this preindictment delay to gain a tactical advantage over appellant.**

We also conclude that the evidence supports the conclusion that the State did not cause this preindictment delay to gain a tactical advantage over appellant.

The principal evidence on this point was detective Webb's testimony explaining why he didn't immediately press the case against appellant:

> Q. So [after the first forensic interview] what you did is you said, you know what, let's go back to the Children's Advocacy Center, let's wait for [the complainant] to get a little more comfortable, a little more descriptive, and then we'll bring the case forward. Right?
>
> A. Correct.
>
> Q. Because [appellant] is not going anywhere. He's in jail in Arizona; right— or he's in jail in Denton, and then he's going to—even after that's done, he's going to Arizona. Sound right?
>
> A. Well, it was—it was also the fact that, during the interview, she was very shut off and—as far as providing information and things like that. So I wasn't comfortable in writing a warrant or anything to proceed forward at this—at that moment.

Webb further testified that after the first forensic interview he did not think the State had enough evidence to prove its case beyond a reasonable doubt if the complainant was not willing to say what happened.

Similarly, Webb testified that he would have had concerns about taking a case to trial after the complainant's SANE exam because the complainant did not want to talk about the offense.

Finally, Webb testified that none of the steps he took in investigating appellant's case had anything to do with the fact that appellant was "in jail somewhere else."

The trial court was entitled to believe Webb's testimony, and that testimony supports the finding that the State did not use delay in this case as an intentional device to gain a tactical advantage over appellant. *See Krizan-Wilson*, 354 S.W.3d at 814–15. We see no contrary evidence suggesting that the State delayed indicting appellant so as to make unavailable evidence "favorable to the defense or [that] would tend to undercut the prosecution's case." *Estrada*, 2009 WL 144327, at *10.

Because some evidence supports the conclusion that the State did not use preindictment delay to gain a tactical advantage over appellant, appellant's argument regarding the second element of his defense fails.

### III. CONCLUSION

We overrule appellant's sole issue and affirm the trial court's judgment.

/Bill Whitehill/
BILL WHITEHILL
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
181446F.U05

–7–



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

BRYAN LEE MORRIS, Appellant

No. 05-18-01446-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 219th Judicial District Court, Collin County, Texas
Trial Court Cause No. 219-83729-2016.
Opinion delivered by Justice Whitehill.
Justices Osborne and Nowell participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered February 27, 2020.